UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALAN C.,

                Plaintiff,

   v.                                      1:23-CV-1090
                                             (MAD/DJS)
MARTIN O'MALLEY[1],

                Defendant.

_____

**APPEARANCES:**                              **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD D. OLINKSY, ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      KATHRYN S. POLLACK, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[2]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11, 15-16. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1968. Dkt. No. 8, Admin. Tr. ("Tr."), p. 390. Plaintiff reported having completed eleventh grade. Tr. at pp. 216-217. The ALJ found that Plaintiff's relevant past work was as a self-employed driver and owner of a transportation business. Tr. at p. 34; *see also* Tr. at pp. 199-200. Plaintiff alleged disability based upon "Heart Problem; COPD; Diabetes; Asthma; Pulmonary Embolism; Sleep Apnea; Shoulder Problem; Back Problem; Knee Problem; High Blood Pressure." Tr. at p. 227. Plaintiff applied for supplemental security income benefits in January 2020. Tr. at p. 240. Plaintiff's application was initially denied in June 2021, *id.*, and upon reconsideration in November 2021. Tr. at p. 241. A hearing took place before Administrative Law Judge ("ALJ") Kieran McCormack on March 2, 2022, at which Plaintiff and a vocational expert testified. Tr. at pp. 186-225. On March 11, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 26-36. On July 11, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-7.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 2, 2020, the application date. Tr. at p. 28. Second, the ALJ found that Plaintiff had the following severe impairments: degenerative changes of the lumbar spine; lumbar radiculopathy; diabetes; peripheral neuropathy of the lower extremities; cardiomyopathy; hypertension; bilateral carpal tunnel syndrome; chronic obstructive pulmonary disease; sleep apnea; and obesity. Tr. at p. 28. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 29. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with various postural and environmental limitations. Tr. at p. 30. Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 34. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there were jobs in the national economy he could perform. Tr. at pp. 35. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 36.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

In support of remand, Plaintiff contends that the ALJ erred in his analysis and subsequent rejection of Plaintiff's subjective allegations and the third-party statement of Kristine Larsen. Dkt. No. 11, Pl.'s Mem. of Law, pp. 8-14. In response, Defendant submits that the record, including Plaintiff's subjective complaints were properly evaluated and that the ALJ's decision is supported by substantial evidence. Dkt. No. 15, Def.'s Mem. of Law, pp. 6-13. Having reviewed the record and considered the arguments of the parties, the Court concludes that the ALJ's decision was amply supported by the record and properly explained and, therefore, that the claim should be dismissed.

In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his or her findings. *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("A court 'cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.'") (quoting *Morgan on behalf of Morgan v. Chater*, 913 F. Supp.

184, 188-89 (W.D.N.Y. 1996)); *Booker v. Astrue*, 2011 WL 3735808, at *5 (N.D.N.Y. Aug. 24, 2011) ("The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court.") (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). "The ALJ must 'build an accurate and logical bridge from the evidence to [the] conclusion to enable a meaningful review.'" *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

### A. Plaintiff's Subjective Complaints

At the administrative hearing, Plaintiff testified to significant limitations on his ability to stand, sit, and lift. Tr. at pp. 201-202. He also testified to significant pain and occasional numbness. Tr. at p. 203. The ALJ recounted this testimony in his decision, but ultimately concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at p. 31. Plaintiff argues that the ALJ erred in considering his subjective complaints because "the ALJ's analysis of subjective symptoms does not provide a basis for meaningful review." Pl.'s Mem. of Law at p. 11.

The ALJ is obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar.

14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019)) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019).

"An ALJ's evaluation of a social security claimant's subjective symptoms 'is entitled to substantial deference by a reviewing court.'" *Shari L. v. Kijakazi*, 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022) (quoting *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019)); *see also Nichole L.Q. v. Kijakazi*, 2022 WL 874398, at *6 (N.D.N.Y. Mar. 24, 2022) (noting "great deference" afforded to such

findings). Plaintiff is incorrect in arguing that "the ALJ never actually compared Plaintiff's description of his symptoms to any other relevant evidence." Pl.'s Mem. of Law at p. 12. The ALJ specifically held that the examination findings of Dr. Kautilya Puri were not "wholly consistent with the claimant's allegations and show fewer exertional, postural, and manipulative limitations than he alleged." Tr. at p. 32. The ALJ also specifically contrasted Plaintiff's subjective allegations with results of physical examinations of Plaintiff. *Id.* Additionally, the ALJ recounted additional medical evidence in the record finding that Plaintiff had greater exertional abilities than his subjective reports suggested. Tr. at p. 33 (citing Exhibits 1A & 4A). Therefore, Plaintiff is simply in error in asserting that the ALJ did not specifically address the consistency of his complaints with the objective medical evidence and medical opinions in the record.

Plaintiff's argument is best understood as a disagreement with the manner in which the ALJ relied upon the evidence. *See Steven H. v. Comm'r of Soc. Sec.*, 2021 WL 1893476, at *5 n.9 (W.D.N.Y. May 11, 2021). "Since the record contained some evidence that was inconsistent with Plaintiff's subjective complaints, the ALJ had discretion to weigh[] that evidence against Plaintiff's subjective complaints." *Martucci v. Saul*, 2019 WL 2710795, at *5 (D. Conn. June 27, 2019). It was ultimately for the ALJ, not this Court, to resolve such evidentiary conflicts. *Mitch v. Comm'r of Soc. Sec.*, 2020 WL 1873025, at *9 (W.D.N.Y. Apr. 15, 2020) (citing cases); *Conger v. Comm'r of Soc. Sec.*, 2018 WL 947662, at *4 (N.D.N.Y. Feb. 16, 2018).

The Court, therefore, recommends finding that there was no error in the ALJ's consideration of Plaintiff's subjective complaints.

### B. Third-Party Statement of Ms. Larsen

Ms. Larsen, Plaintiff's roommate, provided a written statement describing some of Plaintiff's medical conditions and difficulties. Tr. at pp. 521-526. The ALJ summarized Larsen's statement in his decision. Tr. at p. 31. The ALJ specifically noted that he had considered the statement, but found it unpersuasive because it was not a medical opinion. Tr. at p. 34. Plaintiff contends this was error because the ALJ "offered no reasons for how the statement conflicts with the medical evidence or how its fails to confirm Plaintiff's testimony that he is unable to work." Pl.'s Mem. of Law at p. 10.

As this Court has previously noted, however, an ALJ need not provide detailed explanations for his consideration of third-party statements. *Vincent K.-B. v. Saul*, 2021 WL 535052, at *6 (N.D.N.Y. Feb. 12, 2021); *see also Michele A. v. Kijakazi*, 2022 WL 4225171, at *8 (N.D.N.Y. Sept. 12, 2022). "Although the ALJ is required to consider such statements, they are not subject to requirement to provide 'good reasons' that is applicable to statements from medical sources, as Plaintiff seems to argue." *Virginia L. S. v. Comm'r of Soc. Sec.*, 2020 WL 529688, at *7 (N.D.N.Y. Feb. 3, 2020) (citing cases). Plaintiff's argument that "disregard[ing] this statement without germane reasons for doing so requires remand," Pl.'s Mem. of Law at p. 11, therefore, is clearly unsupported because "there is no requirement that an ALJ must discuss third-party

testimony in his or her written decision." *Michele A. v. Kijakazi*, 2022 WL 4225171, at *8.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the Complaint **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 17, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge