UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALAN C.,

                              **Plaintiff,**

  vs.                                                     1:23-CV-1090
                                                             (MAD/DJS)

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**OLINKSY LAW GROUP**                       **HOWARD OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **KATHRYN S. POLLACK, ESQ.**
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Alan C., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income. *See* Dkt. No. 1. In a Report-Recommendation dated May 17, 2024, Magistrate Judge Daniel J. Stewart recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's motion for judgment on the pleadings be granted; and (3) the Commissioner's decision be affirmed. *See* Dkt. No. 17.

1

Plaintiff objects to the Report-Recommendation. *See* Dkt. No. 18. Defendant responds in opposition. *See* Dkt. No. 21.

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations "for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685 (N.D.N.Y. 2015) (citation and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The parties have not raised any objections to the background or the legal framework set forth in the Report-Recommendation. *See* Dkt. Nos. 18, 21. The Court therefore adopts Magistrate Judge Stewart's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision.

Plaintiff objects to Magistrate Judge Stewart's conclusions that the Administrative Law Judge's ("ALJ") determination is free from legal error and supported by substantial evidence. *See* Dkt. No. 18. Defendant argues that Plaintiff's objections rehash arguments that were presented to, and rejected by, Magistrate Judge Stewart. *See* Dkt. No. 21.

Plaintiff does set forth specific objections to Magistrate Judge Stewart's Report-Recommendation, but the objections restate the arguments he raised in his initial and reply briefs: that the ALJ erred in reviewing (1) Plaintiff's subjective complaints and statements of pain and limitations and (2) a third-party statement. *Compare* Dkt. No. 18, *with* Dkt. Nos. 11, 16. Magistrate Judge Stewart specifically addressed Plaintiff's arguments concerning his subjective statements as well as the medical opinion from consultative examiner Dr. Kautilya Puri's and the third-party statement from Kristen Larsen. *See* Dkt. No. 17 at 9-10. As Plaintiff's objections rehash the arguments presented to Magistrate Judge Stewart, the Court will review the Report-Recommendation for clear error. *See John L. M. v. Kijakazi*, No. 5:21-CV-368, 2022 WL 3500187, *1 (N.D.N.Y. Aug. 18, 2022) (citation omitted) ("To the extent a party makes 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments' set forth in the original submission, the Court will only review for clear error"); *Taylor v. Astrue*, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012) ("[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that report-recommendation to only a clear error review").

Plaintiff's objections are grounded in Magistrate Judge Stewart's conclusions concerning the ALJ's consideration of Plaintiff's subjective symptoms and a third-party statement pursuant to 20 C.F.R. § 416.929 and Social Security Ruling ("SSR") 16-3p. *See* Dkt. No. 18; *see also* Titles II & Xvi: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304 (S.S.A. Oct. 25, 2017).

Magistrate Judge Stewart did not discuss SSR 16-3p in his Report-Recommendation and he cited 29 C.F.R. § 416.929 twice within a block quotation. *See* Dkt. No. 17 at 8. However, he explained that the Court is not entitled to resolve evidentiary conflicts, the ALJ did compare

3

Plaintiff's subjective symptoms with Dr. Puri's medical opinion, and the "ALJ need not provide detailed explanations for his consideration of third-party statements." Dkt. No. 17 at 10 (citation omitted).  The Court agrees with each of these contentions.  *See Carroll v. Sec'y of Health & Hum. Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) ("It is the function of the Secretary, not ourselves, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant"); *Sepulveda v. Berryhill*, No. 6:16-CV-00383, 2018 WL 2381887, *5 (W.D.N.Y. May 25, 2018) ("It is 'not the law in this Circuit' that 'an ALJ [is] required to state explicitly that he is rejecting corroborating testimony of a claimant's family members and give reasons why'") (quoting *Daniel v. Astrue*, No. 3:09-CV-563, 2011 WL 3962488, *1 (D. Conn. Mar. 31, 2011)); *see also* Tr. at 32.  The Court also agrees with Magistrate Judge Stewart's conclusions.

In Plaintiff's motion for judgment on the pleadings, Plaintiff cites 42 U.S.C. § 416.920c.  *See* Dkt. No. 11 at 11.  There are distinct differences between § 416.920c and § 416.929.  The former deals with how the ALJ "consider[s] and articulate[s] medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. § 416.920c.  The latter concerns how an ALJ "evaluate[s] symptoms, including pain." 20 C.F.R. § 416.929.  Section 416.920c requires an ALJ to "articulate in [his or her] determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 416.920c(b).  There is myriad case law concerning this articulation requirement and how detailed an ALJ must be in his or her decision.  *See, e.g.*, *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, *2 (2d Cir. June 17, 2022) ("[T]he ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"); *Brian C. v. Comm'r of Soc. Sec.*, No. 3:22-CV-01292, 2024 WL 1468869, *8 (N.D.N.Y. Feb. 20, 2024).

4

Section 416.929 does not contain the same articulation requirement. *See* 20 C.F.R. § 416.920c(d) (distinguishing the requirements for medical sources and "nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a) through (c) in this section"). The statute states only that the ALJ must "consider all of the available evidence" including a plaintiff's own statements and all of the other evidence in the record. 20 C.F.R. § 416.929(c)(4). It explains that a plaintiff's "symptoms, including pain, will be determined to diminish [his or her] capacity for basic work activities . . . to the extent that [his or her] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.*

SSR 16-3p "provides guidance about how [an ALJ] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under" § 416.929. SSR 16-3p, 2017 WL 5180304, at *1. The ruling advises as follows:

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.* at *10. Additionally, as to evidence from non-medical sources, the Social Security Administration directs as follows:

> Other sources may provide information from which we may draw inferences and conclusions about an individual's statements that

5

> would be helpful to us in assessing the intensity, persistence, and limiting effects of symptoms. Examples of such sources include public and private agencies, other practitioners, educational personnel, non-medical sources such as family and friends, and agency personnel. We will consider any statements in the record noted by agency personnel who previously interviewed the individual, whether in person or by telephone. The adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file.

*Id.* at *7.

As Magistrate Judge Stewart explained, the ALJ did recount Plaintiff's subjective symptoms as well as the information provided in the third-party statement. *See* Dkt. No. 17 at 7-10; *see also* Tr. at 31. The ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. at 31. The ALJ's decision did not contain only this one conclusory statement. *See* SSR 16-3p, 2017 WL 5180304, at *10. The ALJ reviewed objective medical evidence including Dr Puri's consultative examination and concluded that the "examination findings are not wholly consistent with the claimant's allegation and show fewer exertional, postural, and manipulative limitations than he alleged." *Id.* at 32. The ALJ also stated that Plaintiff's ability to do some cooking, shopping, showering, dressing, watching television, listening to the radio, reading, going out, performs household chores, and drive "[a]ll . . . require some degree of movement and motion, pointing to continued abilities to function at a greater degree than the claimant alleges." *Id.* at 33. As to the third-party statement, the ALJ noted that he "also considered the statement of Kristine Larsen . . . and find it unpersuasive as it is not a medical opinion." *Id.* at 34.

In Plaintiff's objections, he attempts to distinguish two cases that Magistrate Judge Stewart cited to support his conclusion that the ALJ sufficiently "considered" the third-party statement. *See* Dkt. No. 18 at 3 (citing Dkt. No. 17 at 10-11); *see also Vincent K.-B. v. Saul*, No. 3:20-CV-157, 2021 WL 535052, *6 (N.D.N.Y. Feb. 12, 2021); *Michele A. v. Kijakazi*, No. 6:21-CV-185, 2022 WL 4225171, *8 (N.D.N.Y. Sept. 12, 2022).  The Court agrees that the cases are not identical to the one now before the Court, but they are similar enough that the Court can fully appreciate Magistrate Judge Stewart's reliance upon them.  *See id.*

First, as to *Vincent K.-B.*, the ALJ recited statements from the claimant's parents.  *See Vincent K.-B.*, 2021 WL 535052, at *6.  The ALJ explained "that '[t]he claimant testified that he does not have the will to do things while his parents note that the claimant cannot shop or interact well with others.  However, as outlined below, the claimant states that he has been able to live independently and perform a variety of activities of daily living, many of which involve initiative and social interaction.'"  *Id.* (quotation omitted).  Therefore, the Court concluded that "[i]t is clear here that the ALJ, although not explicitly stating what amount of weight he was giving to these statements, did consider them and largely discounted them."  *Id.*

Here, the ALJ also recounted Plaintiff's subjective complaints as stated in his application, administrative hearing, and consultative examination, as well as Larsen's statements.  *See* Tr. at 32.

As to *Michele A.*, Magistrate Judge Stewart cited it for the proposition that "[t]he Second Circuit has made clear that an ALJ is not required to discuss all evidence to show that she considered it."  *Michele A.*, 2022 WL 4225171, at *8 (citation omitted).  "'Just as importantly, the mere fact that a specific portion of evidence is not *discussed* in a decision does not mean that it was not *considered*.'"  *Id.* (quoting *Strange v. Comm'r of Soc. Sec.*, No. 13-CV-527, 2014 WL

7

4637093, *9 (N.D.N.Y. Sept. 16, 2014)).  In *Michele A.*, the Court noted that in addition to there being no requirement that an ALJ discuss third-party statements, the plaintiff did "not explain in any detail how their statements undermine the ALJ's decision" and the "third-party statements in her RFC discussion, any such error was harmless because the written statements echo Plaintiff's own subjective complaints, which the ALJ supportably discounted."  *Id.*

Plaintiff explains, and the Court agrees, that Ms. Larsen's statements support some of Plaintiff's own statements.  *See* Dkt. No. 18 at 4.  However, the ALJ reiterated parts of Ms. Larsen's statements in his decision such as Plaintiff being unable to sit, stand, walk, drive, or lie down for too long.  *See* Tr. at 32.  Plaintiff has not identified a legal rule requiring the ALJ to further articulate his review of this third-party statement.

As Plaintiff states, there are cases across the country that have been remanded where the ALJ did not properly consider a third-party statement.  *See* Dkt. No. 18 at 4-5.  The cases are distinguishable.  First, in *Tammy S. v. O'Malley*, No. 2:23-CV-00333, 2024 WL 1556360, *6 (E.D. Wash. Apr. 10, 2024), the ALJ found that the third-party statement from the claimant's husband "was 'somewhat persuasive and supported by treatment records and examination notes.'" *Id.*  "It was the husband's statement that the primary symptom limiting [the p]laintiff during the relevant period was that her leg would swell when it was not elevated."  *Id.* (footnote omitted).  Therefore, the court concluded that "[i]t is incongruous that the ALJ would find the husband's statement 'somewhat persuasive' overall but reject his primary observation [about the need to elevate the plaintiff's leg] without any explanation."  *Id.*  The court found "that the ALJ was obliged to articulate his reasoning for excluding the provision from the RFC."  *Id.*

Similarly, in *Burgoon v. Comm'r of Soc. Sec.*, No. 22-CV-238, 2023 WL 8530225, *4 (W.D. Pa. Dec. 8, 2023), the court determined that "the ALJ's reasoning that Plaintiff's and third

8

parties' statements were 'inconsistent because there is notably no complaint of radicular symptoms' is not supported by substantial evidence" because numerous "cited exhibits show that Plaintiff complained of radicular symptoms." *Id.* The ALJ's own decision was internally contradictory and therefore required further explanation.

Here, the ALJ's decision is not internally inconsistent nor incongruous. He rejected both Plaintiff's subjective complaints and the third-party statement.

Next, in *Katie L.K. v. Comm'r of Soc. Sec.*, No. 1:21-CV-01280, 2023 WL 1785234, *4 (C.D. Ill. Feb. 6, 2023), the court acknowledged the distinction between an ALJ's obligation concerning medical evidence versus evidence from non-medical sources. The court stated that "it is one thing for an ALJ to not articulate exactly how he considered evidence from a non-medical source using the requirements in paragraphs (a)-(c) of Section 404.1520c (as permitted by Section 404.1520c(d)) and quite another thing for an ALJ to remain *completely silent* as to a handful of third-party statements in a claimant's record." *Id.* The court noted that "[t]here was absolutely no mention, whatsoever, in the ALJ's Decision that Katie's parents, husband, and brother had all offered letters detailing their observations of Katie. The ALJ's utter silence precludes the Court from finding that the ALJ fulfilled his obligation to at least consider those third-party statements." *Id.* As such, "[t]o accept the Commissioner's argument would be to make meaningless the relevant parts of Sections 404.1529(c), 404.1545(a)(3), and SSR 16-3p."

The final case example that Plaintiff cites is *Fine v. Kijakazi*, No. 5:22-CV-11, 2022 WL 4477716, *4 (W.D.N.C. Sept. 26, 2022). *See* Dkt. No. 18 at 5. In *Fine*, "the ALJ ignored the probative evidence of the substantial assistance Plaintiff receives from family members who monitor his daily activities and help him to function by administering his medications, making sure he eats, shopping for him, managing his finances, transporting him to medical appointments,

attending these appointments to help report his symptoms and understand medical instructions, laundering his clothes, etc." *Fine*, 2022 WL 4477716, at *4.

Here, the ALJ did not ignore Ms. Larsen's statement but cited it and explicitly reiterated some of its contents. *See* Tr. at 32; *compare Andrew A. v. Kijakazi*, No. 2:22-CV-00530, 2023 WL 6216215, *4 (D. Utah Sept. 25, 2023) ("[I]t is clear that the ALJ did not 'specifically mention or indicate he considered' the Parents' Statement. . . . And although the ALJ does not have a requirement to articulate how the Parents' Statement was considered, the court 'will not assume the ALJ fulfilled his duties when he provided nothing from which it can base a determination as to whether or not relevant evidence was considered'") (quotation omitted).

To be sure, Ms. Larsen's statements directly corroborate Plaintiff's own testimony—a fact that the ALJ did not acknowledge. For example, Ms. Larsen wrote that Plaintiff could not get into a car for months because of nauseousness, that if Plaintiff "sits, stands, walks, drives, or lies down for too long he is in agony," and that Ms. Larsen "do[es] the household cleaning, laundry, dishes, vacuuming (daily), etc." Tr. at 521-26. She explained that "[w]hen [Plaintiff] is up for it, he'll cook on occasion, but it is taxing on him." *Id.* at 125. Ms. Larsen's assertions appear consistent with Plaintiff's testimony, as recited by the ALJ, that he cannot stand for more than fifteen minutes, cannot perform chores for more than fifteen minutes, and has continuous pain. *See id.* at 31. The ALJ acknowledged that Ms. Larsen wrote about Plaintiff's "severe pain" when Plaintiff would sit, walk, stand, drive, or lie down for too long, but the ALJ did not discuss Ms. Larsen's statements that she is the one who does the chores, and that Plaintiff rarely cooks for himself. *Id.*

Nevertheless, Plaintiff has not pointed to any authority that requires the ALJ to more thoroughly discuss his consideration of the consistency between a third-party statement and the

10

rest of the evidence in the record. *See Atkins v. Kijakazi*, No. 20-CV-1137, 2022 WL 989061, *7 (W.D. Okla. Mar. 31, 2022) ("'The new regulations do not have a standard for how an ALJ must articulate nonmedical evidence'") (quotation omitted); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("An ALJ does not have to state on the record every reason justifying a decision"); *but see Joseph M. R. v. Comm'r of Soc. Sec.*, No. 3:18-CV-01779, 2019 WL 4279027, *12 (D. Or. Sept. 10, 2019) ("Although § 404.1520c(d) states the Commissioner is 'not required to articulate how we consider evidence from nonmedical sources' using the same criteria for medical sources, it does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements").

SSR 16-3p and § 416.929 require only that the ALJ "consider" third-party statements but do not contain any articulation requirements. As Magistrate Judge Stewart explained, "in the absence of notable error or lack of substantial evidence in support, '[a]n ALJ's evaluation of a social security claimant's subjective symptoms is entitled to substantial deference by a reviewing court.'" *Kevin A. R. v. Kijakazi*, No. 6:21-CV-0881, 2022 WL 18587763, *11 (N.D.N.Y. Nov. 9, 2022) (quotation omitted); *see also* Dkt. No. 17 at 8; *Franklin v. Saul*, 482 F. Supp. 3d 250, 258 (S.D.N.Y. 2020) ("'The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision'") (quotation omitted).

Magistrate Judge Stewart also correctly noted that Plaintiff was incorrect in his initial brief when he stated that "the ALJ never actually compared Plaintiff's description of his symptoms to any of the other relevant evidence." Dkt. No. 11 at 14; *see also* Dkt. No. 17 at 9. As Magistrate Judge Stewart stated, "[t]he ALJ specifically held that the examination findings of Dr. Kautilya Puri were not 'wholly consistent with the claimant's allegations and show fewer exertional, postural, and manipulative limitations than he alleged.'" Dkt. No. 17 at 9 (quoting Tr. at 32).

11

The ALJ stated that Plaintiff testified that he could not stand for more than fifteen minutes, had back pain and wrist issues, dropped things, drove with two hands, and had trouble texting and cutting with a knife.  *See* Tr. at 31.  However, as the ALJ accurately recited, Dr. Puri noted on examination that Plaintiff's hand and finger dexterity was intact, he had 5/5 grip strength, and he had full ranges of motion in his shoulder, elbows, forearms, wrists, hips, knees, and ankles. *See id.* at 33 (citing Tr. at 700).  As noted by the ALJ, Plaintiff also had full range of motion of his cervical spine, had a normal gait and stance, and did not need assistance changing or rising from a chair.  *See id.*  This is sufficient for the Court to "assess how the adjudicator evaluated the individual's symptoms."  SSR 16-3p, 2017 WL 5180304, at *10.

The Court cannot delve into the mind of an ALJ, so it can never be 100% certain whether an ALJ did or did not "consider" a piece of evidence.  It is true that the Social Security Administration has advised that "the information that [] medical sources or nonmedical sources provide about [a plaintiff's] pain or other symptoms . . . is also an important indicator of the intensity and persistence of your symptoms."  20 C.F.R. § 416.929(c)(3).  However, the articulation requirements set forth in 20 C.F.R. § 416.920c for medical opinions do not apply to non-medical sources.  *See* 20 C.F.R. § 416.920c(d).  The ALJ has still been instructed to "consider" the consistency of statements from non-medical sources with a plaintiff's symptoms, and here, the ALJ stated that he "considered" Ms. Larsen's statements.  He also reiterated Plaintiff's subjective allegations as stated in his disability application, consultative examination, third-party statement, and hearing and compared them to examination findings and treatment records.  Tr. at 31-32, 35.

The Court agrees that the ALJ did not explain his reasoning for rejecting Ms. Larsen's statement besides the fact that she is not a medical source.  The ALJ did not discuss a comparison

of her statement to Plaintiff's statements.  If the Court were in the ALJ's shoes, it might have written the decision differently.  But that is not the test the Court must apply.  The Court must determine if the ALJ committed legal error and whether the decision is based on substantial evidence.

There is no statute that requires a greater explanation as to consideration of Plaintiff's subjective statements and third-party statements insofar as the reviewing court can assess the ALJ's evaluation.  The ALJ stated that he "considered" all of the evidence, and the Court cannot discount that assertion.  Because there is no statute or regulatory provision that Plaintiff has presented that establishes legal error in the ALJ's decision and the decision is supported by substantial evidence, the Court must adopt and accept Magistrate Judge Stewart's Report-Recommendation affirming the ALJ's decision.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 17) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in

accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 8, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge